```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
LAURA RUSSO,                                                       :
                                                                   :
                          Plaintiff,                               :
                                                                   :      MEMORANDUM AND ORDER
                   -against-                                       :      09-CV-5334(DLI)(LB)
                                                                   :
THE NEW YORK AND PRESBYTERIAN                                      :
HOSPITAL, NEW YORK HOSPITAL QUEENS and                             :
MARK ADKINS, M.D.,                                                 :
                                                                   :
                          Defendants.                              :
------------------------------------------------------------------ x
```

**DORA L. IRIZARRY, United States District Judge:**

On December 7, 2009, Plaintiff Laura Russo filed this action against New York and Presbyterian Hospital ("NYPH") and New York Hospital Queens ("NYHQ"), alleging that she was discriminated against on the basis of sex. On May 19, 2010, Plaintiff served Mark Adkins, M.D. with the Second Amended Complaint, naming him as a defendant. (*See* Sec. Am. Compl., Doc. Entry No. 35.) The claims against defendant Adkins are for sexual harassment and retaliation in violation of New York State Executive Law and New York City Human Rights Law. Defendant Adkins moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In a March, 3, 2011 Summary Order, this Court dismissed plaintiff's claims against defendant Adkins without prejudice and with leave to replead. (*See* 3/3/11 Summ. Order, Doc. Entry No. 37.) Subsequently, plaintiff filed a Third Amended Complaint (*see* Th. Am. Compl., Doc. Entry No. 39), which defendant Adkins now moves to dismiss, pursuant to Rule 12(b)(6).

For the reasons set forth below, defendant Adkins' motion to dismiss is denied. Plaintiff's claims for retaliation and sex discrimination on the basis of a hostile work environment will proceed.

1

# BACKGROUND[1]

Plaintiff worked as a perfusionist for Defendants NYPH and NYHQ until her termination on May 28, 2008. As a perfusionist, she assisted surgeons by regulating the physiological and metabolic needs of surgical patients during surgeries. Defendant Adkins was one of the surgeons with whom she worked during her tenure at NYPH and NYHQ. It is the interactions between plaintiff and defendant Adkins, both in the operating room and throughout the hospitals, which form the basis of this action. Plaintiff's allegations include both day-to-day incidences and significant detail with respect to a surgery that occurred on May 16, 2008, during which a patient suffered from a medical error defendant Adkins attributed to plaintiff.

In the March 3, 2011 Summary Order, this Court dismissed plaintiff's retaliation claim against defendant Adkins on the grounds that plaintiff failed to allege that defendant Adkins participated in plaintiff's termination and that plaintiff failed to allege that she participated in protected activity. (3/3/11 Summ. Order at 4-8.) In that same Order, this Court dismissed plaintiff's sex discrimination claim for a hostile work environment on the ground that plaintiff failed to specify which allegations against defendant Adkins fell within the three-year statute of limitations. (*Id*. at 9.) As set forth below, the Third Amended Complaint addresses some, but not all, of these infirmities.

# LEGAL STANDARDS

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

[1] The facts of this case are familiar to the parties and are set forth in detail in this Court's March 3, 2011 Summary Order. The Court will further elaborate on the facts of this case, in particular, the revised allegations in the Third Amended Complaint, to the extent necessary to resolve Defendant Adkins' instant motion to dismiss.

accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).  A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  *Twombly*, 550 U.S. at 555.  On a Rule 12(b)(6) motion, the court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party.  *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).  The court may only consider the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken.  *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir. 1995).

## DISCUSSION

**1.   RETALIATION**

"Under both the New York State and New York City Human Rights laws, it is unlawful to retaliate against an employee for opposing discriminatory practices." *Harper v. New York City Housing Auth.*, 673 F. Supp. 2d 174, 181 (S.D.N.Y. 2009) (citing N.Y. Exec. Law §§ 290 *et seq.*; N.Y. City Admin. Code §§ 8-101 *et seq*). "To state a claim for relief, a plaintiff must allege that '(1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action.'" *Id.* (citation omitted).

3

### A. Plaintiff's Participation in Protected Activity

NYPH and NYHQ terminated plaintiff on May 28, 2008, just days after the botched May 16, 2008 surgery. The Second Amended Complaint, which was the subject of this Court's March 3, 2011 Summary Order, failed to provide sufficient detail as to whether plaintiff participated in protected activity prior to her termination. Plaintiff has since provided additional detail. Plaintiff alleges that, on May, 19, 2008, she told William DuBois, her supervisor, "about the harassment and discrimination" and that she "was going to report the incident to Human Resources." (Th. Am. Compl. ¶ 77.) According to plaintiff, DuBois informed her that she could discuss her complaints with Human Resources, but also suggested that he could remedy the situation himself. (*Id.* at ¶ 78.) He also indicated that "'although retaliation is illegal it is also very real' and that Adkins would likely retaliate." (*Id.*) Plaintiff alleges that, on May 22, 2008, she met with Human Resources and discussed her "concerns of discrimination and retaliation." (*Id.* at ¶ 84.) She also alleges that during this meeting the human resources representative spoke on the telephone with DuBois, informing DuBois that plaintiff was filing "a complaint for sexual harassment against Mark Adkins." (*Id.* at ¶ 87.)

It is unclear whether plaintiff discussed the day-to-day allegations during these discussions with DuBois and the human resources representative or whether she simply discussed the May 16, 2008 surgery and its aftermath. A few hours after meeting with Human Resources, plaintiff filed a written summation, a copy of which was provided to the Court for the first time as Exhibit A to the Third Amended Complaint. The summation discusses the May 16, 2008 surgery and plaintiff indicates that defendant Adkins' behavior was "inappropriate" and that he "verbally harassed" her in front of other hospital employees. (Th. Am. Compl., Ex. A at 2.) She indicated that he was "showing signs of abusive physician behavior." (*Id.*) She

4

indicated that she told DuBois on May 19, 2008, that she was "uncomfortable talking/working with him after the language used toward [her]." (*Id*. at 2-3.) She provides a series of quotes from defendant Adkins' post-operative rant, most of which include use of the f-word. She concludes the summation by stating that she believes that she was "harassed by Dr. Marc Adkins." (*Id*. at 4.)

As set forth in the March 3, 2011 Summary Order, a plaintiff must complain of discrimination in "sufficiently specific terms so that the employer is put on notice that the plaintiff believes he or she is being discriminated against on the basis of race, gender, or national origin." *Brummell v. Webster Central School Dist.*, No. 06-CV-6437, 2009 WL 232789, at *6 (W.D.N.Y. Jan. 29, 2009). Plaintiff's alleged conversations with DuBois and the Human Resources Representative in which she discussed her concerns regarding defendant Adkins' sexual harassment, discrimination, and potential retaliation establish that plaintiff engaged in protected activity. *See Gorzynski v. Jetblue Air. Corp.*, 596 F.3d 93, 111 (2d Cir. 2010) (explaining that plaintiff engaged in protected activity under the ADEA when she complained to a supervisor about "disparate treatment between older and younger employees").

The written summation that plaintiff prepared does not, however, constitute protected activity. The written summation complains of foul language and "abusive physician behavior." It fails to provide NYPH and NYHQ with any notice whatsoever that plaintiff believed she was being discriminated against on the basis of sex. Plaintiff's verbal notice constitutes participation in protected activity and therefore, her claim survives defendant Adkins' motion to dismiss.

    **B.**     **Defendant Adkins' Involvement with Plaintiff's Termination**

In the March 3, 2011 Summary Order, this Court dismissed the retaliation claim because plaintiff failed to set forth any facts that supported the required showing that defendant Adkins

5

participated in plaintiff's termination.  Again, plaintiff remedied this infirmity.  Plaintiff attached a letter written from defendant Adkins to DuBois hours after plaintiff submitted her written summation of the May 16, 2008 surgery and its aftermath.  (*See* Th. Am. Compl., Ex. B.)  In the letter, defendant Adkins discusses the problems that arose during the surgery and attributes them to plaintiff.  He concludes by stating that "We do not feel that Ms. Russo's actions are a reflection of the standard of care here at New York Hospital Queens.  *We trust that you will take the appropriate action to resolve this situation*."  (emphasis added) (*Id*. at 2.)  Taking the pleadings most favorably to plaintiff, the nonmoving party, plaintiff's claim will survive as she established defendant Adkin's involvement in her termination.

## 2.    DISCRIMINATION

In the March 3, 2011 Summary Order, the Court set the three-year statutes of limitation as running from May 19, 2010, the date plaintiff served the second amended complaint.[2]  (3/3/11 Summ. Order at 9.)  The Court dismissed this claim on the ground that plaintiff failed to specify which, if any, of the discriminatory events described, fell within the statutes of limitation.

Plaintiff has since corrected this infirmity.  Plaintiff alleges that, in October 2007, defendant Adkins "would brush up against [her], block her path, and in turn try to force [her] to brush up against him."  (Th. Am. Compl. ¶ 17.)  She described additional incidents of unwanted physical contact occurring in October of 2007.  (*Id*.)  She also alleges that, during surgeries spanning from September 2004 to May 2008, defendant Adkins made comments of a sexual

---

[2] Defendant Adkins argues that the Court incorrectly ruled, in its March 3, 2011 Summary Order, that the statutes of limitation should run from May 19, 2010 (the date plaintiff served defendant Adkins with the Third Amended Complaint) instead of December 8, 2010 (the date plaintiff filed the Second Amended Complaint electronically on ECF).  The Court affirms its prior decision, setting May 19, 2010 as the date from which the statutes of limitation will run.  All of the parties to this action proceeded as if the Second Amended Complaint had been filed as of the date of service.  Defendants NYPH and NYHQ filed answers and defendant Adkins moved to dismiss.  In the interest of justice, the Court will not punish plaintiff at this stage in the litigation for an issue that each of the defendants failed to timely raise in May 2010.

nature, acted in a physically intimidating manner towards women, and played sexually suggestive music.  (*Id*. at ¶¶ 19-22.)  Defendant Adkins' commented on women and their breast sizes, including women working in the operating room.  (*Id*. at ¶¶ 20-21.)  Plaintiff alleges that he gave medical equipment sexually suggestive names, such as calling surgical tubes "a pair of 36 chest tubes" and another type of tube a "mister softie."  (*Id*. at ¶ 21.)  In addition, he made sexually suggestive hand gestures when asking for these types of tubes.  (*Id*.)  Plaintiff worked with defendant Adkins twice weekly during her tenure with NYPH and NYHQ.  (*Id*. at ¶ 20.)  Contrary to defendant Adkins' contention, the Third Amended Complaint indicates that significant conduct occurred within the statutes of limitation such that this claim survives defendant Adkin's motion to dismiss.

Defendant Adkins also contends that these allegations, taken as a whole, fail to establish a hostile work environment.  This contention lacks merit.  The allegations raised in the Third Amended Complaint are sufficient to survive dismissal.  *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 571 (2d Cir. 2000) (holding as hostile, a work environment in which plaintiff was regularly told that "women should be barefoot and pregnant" and in which male coworkers behaved in a physically intimidating manner).

## CONCLUSION

For the reasons set forth above, defendant Adkins' motion to dismiss is DENIED.


SO ORDERED.

Dated: Brooklyn, New York
       March 12, 2012

                                                                            /s/
                                                            DORA L. IRIZARRY
                                                            United States District Judge

7